## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| GREGORY K. BAXTER, Individually and for Others Similarly Situated, <br><br> v. <br><br> BURNS & MCDONNELL ENGINEERING COMPANY, INC. | CASE NO. _____ <br> JURY TRIAL DEMANDED <br><br> FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) <br><br> CLASS ACTION PURSUANT TO F.R.C.P. 23 |

## ORIGINAL COMPLAINT

### SUMMARY

1. During the relevant time period, Burns & McDonnell Engineering Company, Inc. did not pay overtime as required by the Fair Labor Standards Act ("FLSA"); the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. Art., §3-401 *et seq.* ("MWHL"); and the New York Labor Laws, Article 19, § 650 *et seq.* ("NYLL").

2. Instead, Burns & McDonnell paid Gregory K. Baxter, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Baxter brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a significant portion of the facts giving rise to this lawsuit occurred in this District, specifically Baxter worked for Burns & McDonnell in Cecil County, Maryland.

## THE PARTIES

8. Baxter was an hourly employee of Burns & McDonnell.

9. At all relevant times, Baxter was an employee of Burns & McDonnell as defined by the FLSA, MWHL, and NYLL.

10. At all relevant times, Burns & McDonnell was Baxter's employer as defined in the FLSA, MWHL and NYLL.

11. His written consent is attached as Exhibit A.

12. Burns & McDonnell employed Baxter and those similarly situated to him.

13. Baxter brings this action on behalf of himself and all other similarly situated workers who were paid the same hourly rate for all hours worked by Burns & McDonnell. Burns & McDonnell paid each of these workers the same amount for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA, MWHL, and NYLL.

14. The workers impacted by Burns & McDonnell's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the FLSA class is properly defined as:

> **All current and former employees of Burns & McDonnell who were, at any point in the past 3 years, paid the same hourly rate for all hours worked (or "straight time for overtime").** (the FLSA Class and the "Putative Class Members").

15. The FLSA Class members are easily ascertainable from Burns & McDonnell's business and personnel records.

16. In addition to the FLSA Class, Baxter seeks to represent the following Class under the

Maryland Wage and Hour Law:

> **All current and former employees of Burns & McDonnell during the past three years who were paid the same hourly rate for all hours worked (or "straight time for overtime") while working in Maryland (the Maryland Class).**

17. The MWHL Class members are easily ascertainable from Burns & McDonnell's business and personnel records.

18. In addition to the FLSA Class and MWHL Class, Baxter seeks to represent the following Class under the New York Labor Laws:

> **All current and former employees or Burns & McDonnell during the past six years who were paid the same hourly rate for all hours worked (or "straight time for overtime") while working in New York (the New York Class).**

19. The NYLL Class members are easily ascertainable from Burns & McDonnell's business and personnel records.

20. **Burns & McDonnell, Inc.** may be served with process by serving its registered agent **Incorp Services, Inc., 1519 York Road, Lutherville, MD 21093.**

## COVERAGE UNDER THE FLSA

21. At all relevant times, Burns & McDonnell was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Burns & McDonnell was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Burns & McDonnell was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

24. At all relevant times, Burns & McDonnell has had an annual gross volume of sales made or business done of not less than $1,000,000.

25. At all relevant times, Baxter and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

26. Burns & McDonnell is a "full service engineering, architecture, construction, environmental, and consulting solutions firm."[1] Its staff of over 7,000 engineers, architects, construction professionals, planners, estimators, economists, technicians, scientists, and other employees represent virtually all design disciplines for Burns & McDonnel to plan, design, permit, construct, and manage projects worldwide for its clients. *Id.*

27. Baxter was an hourly employee of Burns & McDonnell.

28. Baxter earned $58.65 per hour while working at Burns & McDonnell.

| Hours and Earnings | | | | | |
|---|---|---|---|---|---|
| Description | Start Date | End Date | Rate | Current Hours | Current Amount |
| Time Entry Wages | | | 58.65 | 72.00 | 4,222.80 |
| Holiday | | | 58.65 | 8.00 | 469.20 |
| Nonprem OT | | | 58.65 | 51.00 | 2,991.15 |

29. Baxter had the title of Construction Manager and Start Up Manager.

30. Baxter worked for Burns & McDonnell from May 2011 through April 2018.

31. Within the past 3 years, Burns & McDonnell employed Baxter in Maryland during at least one week in which he worked more than 40 hours.

32. Within the past 6 years, Burn & McDonnell employed Baxter in New York during at least one week in which he worked more than 40 hours.

33. Baxter was not guaranteed a salary.

---

[1] *See* https://www.burnsmcd.com/about-us (last visited November 4, 2019).

4

34. Baxter regularly worked more than 10-16 hour daily shifts and over 70-110 hours per week.

35. Baxter's additional straight time for overtime pay was not reasonably related to any base pay.

36. Baxter was not paid a salary in accordance with the FLSA, Maryland laws, or New York laws.

37. Burns & McDonnell paid Baxter at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

38. Thus, rather than receiving time and a half as required by the FLSA, MWHL and NYLL, Baxter only received "straight time" pay for the overtime hours he worked.

39. The "straight time for overtime" scheme violated the FLSA, MWHL and NYLL.

40. Burns & McDonnell has known about the FLSA, MWHL and NYLL, and the overtime requirements, for many years.

41. Burns & McDonnell nonetheless failed to pay certain hourly employees, such as Baxter, overtime.

42. Burns & McDonnell's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA, MWHL and NYLL.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

43. Burns & McDonnell's illegal "straight time for overtime" policy extends beyond Baxter.

44. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No.

CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

45. Defendant paid hundreds of employees according to the same unlawful scheme.

46. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

47. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, and the Maryland and New York wage and hour laws.

48. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as exempt, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

49. Based on his experiences and tenure with Burns & McDonnell, Plaintiff is aware that Burns & McDonnell's illegal practices were imposed on the members of the class.

50. Burns & McDonnell paid "straight time for overtime" across the United States.

51. The members of the class were all improperly not afforded overtime compensation when they worked in excess of forty 40 hours per week.

52. Burns & McDonnell's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the class.

53. Plaintiff's experiences are therefore typical of the experiences of the members of the class.

54. The specific job titles or precise job locations of the various members of the class do not prevent class or collective treatment.

55. Plaintiff has no interests contrary to, or in conflict with, the members of the class. Like each member of the class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under

state and/or federal law.

56. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent this action, many members of the class likely will not obtain redress of their injuries and Burns & McDonnell will reap the unjust benefits of violating the FLSA, and the Maryland and New York wage and hour laws.

58. Furthermore, even if some of the members of the class could afford individual litigation against Burns & McDonnell, it would be unduly burdensome to the judicial system.

59. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

60. The questions of law and fact common to each of the members of the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a) Whether Burns & McDonnell employed the members of the class within the meaning of the FLSA, the Maryland Wage and Hour Laws, and the New York Labor Laws;

(b) Whether Burns & McDonnell's decision to classify the members of the class as exempt was made in good faith;

(c) Whether Burns & McDonnell's decision to not pay time and a half for overtime to the members of the class was made in good faith;

(d) Whether Burns & McDonnell's violations of the FLSA and NYLL were willful; and

(e) Whether Burns & McDonnell's illegal pay practices were applied uniformly across the nation to all members of the class.

61. Plaintiff's claims are typical of the claims of the members of the class. Plaintiffs and the members of the class sustained damages arising out of Burns & McDonnell's illegal and uniform employment policy.

62. Plaintiff knows of no difficulty that will be encountered in the management of this

litigation that would preclude their ability to go forward as a collective action.

63. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**FLSA VIOLATIONS**

64. By failing to pay Baxter and the Putative Class Members overtime at one-and-one-half times their regular rates, Burns & McDonnell violated the FLSA's overtime provisions.

65. Burns & McDonnell owes Baxter and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

66. Because Burns & McDonnell knew, or showed reckless disregard for whether its pay practices violated the FLSA, Burns & McDonnell owes these wages for at least the past three years.

67. Burns & McDonnell is liable to Baxter and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

68. Baxter and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**MARYLAND WAGE & HOUR LAW VIOLATIONS**

69. Plaintiff brings this claim under the Maryland Wage and Hour Laws as a Rule 23 class action because the work made the basis of this lawsuit took place in Cecil County, Maryland.

70. The conduct alleged violates the Maryland Wage and Hour Laws (Md. Code, Lab. Empl. Art., §3-401 *et seq.*).

71. At all relevant times, Defendant was subject to the requirements of the Maryland Wage and Hour Laws.

72. At all relevant times, Defendant employed Plaintiff and each Putative Class Member with Maryland state law claims as an "employee" within the meaning of the Maryland Wage and Hour Laws.

73. The Maryland Wage and Hour Laws require that employees receive overtime compensation "of at least one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek for the past three years. *See* Md. Code, Lab. & Empl. Art., § 3-415 & 3-427.

74. Due to Burns & McDonnell's violations of the MWHL, Baxter and the Maryland Class are entitled to recover from Burns & McDonnell its unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to Md. Code, Lab. & Empl. Art., § 3-427.

75. Because Burns & McDonnell knew, or showed reckless disregard for whether its pay practices violated the MWHL, Burns & McDonnell cannot show that it acted in good faith and reasonably believed the wages paid to the Maryland Class were not less than required under the MWHL. *Id.*

76. As an employee for Defendant, Plaintiff and the Maryland Putative Class worked in excess of the maximum weekly hours permitted under Lab. & Empl. Art., § 3-415, but were not paid overtime wages for this time spent working.

**NEW YORK LABOR LAW VIOLATIONS**

77. Baxter realleges and incorporates by reference all allegations in all preceding paragraphs.

78. The overtime provisions of the NYLL and its supporting regulations applies to Burns & McDonnell and protect Baxter and the New York Class.

79. Burns & McDonnell failed to pay Baxter and the New York Class the premium overtime wages to which they were entitled under the NYLL – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

80. Through its knowing or intentional failure to pay Baxter and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Burns & McDonnell willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

81. Due to Burns & McDonnell's violations of the NYLL, Baxter and the New York Class are entitled to recover from Burns & McDonnell its unpaid overtime wages for the preceding six years, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees pursuant to the NYLL.

82. Burns & McDonnell have further failed to furnish Baxter and the New York Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83. Due to Burns & McDonnell's violations of NYLL, Article 6, § 195(1), Baxter and the New York Class are entitled to statutory penalties of fifty dollars each workday that Burns &

McDonnell failed to provide Baxter and the New York Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

84. Further, Burns & McDonnell failed to supply Baxter and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

85. Due to Burns & McDonnell's violations of NYLL, Article 6, § 195(3), Baxter and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Burns & McDonnell failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

## JURY DEMAND

86. Baxter demands a trial by jury.

## PRAYER

87. Baxter, individually, and on behalf of himself and the FLSA Class, the Maryland Class, and the New York Class, respectfully requests that this Court grant the following relief:

    a. An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order appointing Baxter as representative and his counsel to represent the interests of the FLSA Class, the Maryland Class, and the New York Class;

c. For an Order finding Burns & McDonnell liable to Baxter and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. Certification of the Maryland Class pursuant to FRCP 23;

e. Certification of the New York Class pursuant to FRCP 23;

f. Statutory penalties of fifty dollars for each workday that Burns & McDonnell failed to provide Baxter and the New York Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

g. Statutory penalties of two hundred fifty dollars for each workday that Burns & McDonnell failed to provide Baxter and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

h. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Taylor A. Jones
    **Taylor A. Jones**
    Maryland Bar No. 20049
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew Dunlap**
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**