IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY K. BAXTER, *et al.*, | * |
| Plaintiffs, | * |
| v. | * |
| BURNS & MCDONNELL ENGINEERING COMPANY, INC., | * |
| Defendant. | * |

CIVIL NO. JKB-19-3241

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Gregory K. Baxter sued his former employer, Burns & McDonnell Engineering Company, Inc. ("Burns & McDonnell" or "Defendant") claiming that Defendant unlawfully failed to pay Baxter and a class of similarly situated employees overtime wages to which they are entitled under federal and state law. Now pending before the Court is Plaintiffs' motion for reconsideration (ECF No. 44), in which Plaintiffs request that the Court reconsider its June 26, 2020 Order (ECF No. 43) extending the deadline for Defendant to oppose Plaintiffs' motion for conditional certification and court-authorized notice (ECF No. 35). The motion for reconsideration is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court determines that the challenged extension was appropriate and that it will remain in place. However, the Court also grants Plaintiffs' request that it toll the FLSA statute of limitations for putative collective action members.

### I.   *Factual and Procedural Background*

Baxter filed the Complaint in this matter on November 8, 2019 (ECF No. 1), alleging that Defendant unlawfully withheld overtime wages in violation of the Fair Labor Standards Act, 29

U.S.C. §§ 201 *et seq*. ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq*. ("MWHL"), and N.Y. Lab. Law §§ 650 *et seq*. ("NYLL"). Baxter both sued in his individual capacity and sought to represent a group of similarly situated employees in a collective/ class action. (ECF No. 1.) Defendant filed a timely Answer on December 13 challenging, among other things, whether Baxter was properly classified as an employee exempt from the overtime requirements of the FLSA and corresponding state laws. (ECF No. 15.)

On January 6, 2020, the Court held a scheduling teleconference. During that teleconference, the Court clearly expressed its intention that discovery should first proceed in relation to the merits of Baxter's individual claims before the parties engaged in broader collective/ class action discovery. This sequence accords with the Court's view that where threshold factual disputes exist regarding a putative collective/ class action representative's entitlement to relief, it is most efficient and fair to resolve such issues before imposing the costs of collective/ class action discovery on the parties. After the teleconference, the Court entered a Scheduling Order which provided for a four-month initial discovery period, to be followed by dispositive motions and any motions seeking additional discovery in support of a potential collective/ class action. (ECF No. 23.) Under the Scheduling Order, the initial discovery period was set to close on May 6, 2020, and the motions were to be filed on or before June 5, 2020. (*Id.*)

In the following weeks, two additional Plaintiffs opted into the litigation. (ECF Nos. 24, 27). On March 10, 2020, Plaintiffs filed a motion for conditional certification and court-authorized notice. (ECF No. 35.) On March 16, Defendant filed an unopposed motion seeking a fourteen-day extension of the deadline to oppose the motion for conditional certification, citing "the impacts of the coronavirus pandemic, and Defendant's ongoing effort to gather evidence." (ECF No. 36 ¶ 3.) The Court granted the extension. (ECF No. 37.) The Court then entered a Standing Order

extending all filing deadlines falling between March 16 and June 5 by eighty-four days in response to the COVID-19 pandemic.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-07 (D. Md. Mar. 20, 2020).  Under this Standing Order, the new deadline for Defendant's opposition became June 30, 2020.

On June 25, 2020, Defendant made a "motion for extension of time to file response and to amend and/or supplement scheduling order."  (ECF No. 42.)  Defendant explained that as a result of the pandemic, the parties had "agreed to pause discovery," including the depositions of Baxter and the opt-in Plaintiffs.  (*Id.* ¶ 5.)  Defendant reported that Defendant had proposed and Plaintiffs were agreeable to extending the initial discovery deadline from May 6 to October 6 and the motions deadline from June 5 to November 6.  (*Id.* ¶¶ 6–9.)  Defendant requested that the Court amend the Scheduling Order to reflect these new deadlines.  Defendant also requested an extension of the deadline for its opposition to Plaintiffs' motion for conditional certification to October 9—3 days after the new close of the initial discovery period.  (*Id.* ¶¶ 6–9.)  Defendant noted that Plaintiffs opposed this extension but argued that it was necessary to "allow sufficient time for Defendant to conduct discovery and proceed with this case in a manner consistent with the Court's initial Scheduling Order."  (*Id.* ¶ 10.)  The Court granted the requested amendments and extension the next day.  (ECF No. 43.)

On June 29, Plaintiffs made the pending motion for reconsideration.  (ECF No. 44.)  Plaintiffs asked the Court to revoke the extension of Defendant's time to oppose the motion for conditional certification, arguing that Burns & McDonnell has had sufficient opportunity to prepare its opposition and that further delay will unfairly disadvantage Plaintiffs.  (*Id.* at 6–8.)  Plaintiffs alternatively requested that if the Court denies reconsideration it equitably toll the FLSA

statute of limitations for putative collective action Plaintiffs. (*Id.* at 9–13.)[1] Defendant submitted an opposition to the motion for reconsideration, in which it argued that the extension should remain in place but did not oppose the request for equitable tolling. (ECF No. 45.) Plaintiffs submitted a reply. (ECF No. 46.)

## II. *Legal Standards*

Under Federal Rule of Civil Procedure 54(b), a district court may revise any decision before an entry of final judgment. Motions for reconsideration of interlocutory orders "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–515 (4th Cir. 2003). "In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." *Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 742–43 (D. Md. 2013) (internal quotation marks and citations omitted).

## III. *Analysis*

### A. *Extension of Time*

Upon reconsideration, the Court determines that the extension it granted was appropriate. Federal Rule of Civil Procedure 6(b)(1) establishes that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" "The rule's requirements are quite flexible, and the district judge enjoys broad discretion to grant

---

[1] Plaintiffs also raised certain complaints regarding Defendant's discovery conduct that do not directly relate to the challenged deadline extension. This memorandum clarifies the Court's intentions regarding discovery. To the extent this memorandum does not resolve all outstanding discovery disputes, the parties should file a joint letter of no more than three pages, singe spaced, setting forth the dispute(s) and requesting a conference.

or deny an extension[.]" 4B C. Wright & A. Miller, Federal Practice and Procedure § 1165 (4th ed.).

Here, the Court finds that there was good cause to extend the deadline for Defendant's opposition to three days after the close of the initial discovery period. As the Court explained during the January 6 teleconference, it is the Court's view that in cases of this nature, where threshold factual questions exist regarding the putative collective/ class action representative's case, structuring the litigation in a manner that allows for the resolution of these issues before the parties are required to engage in collective/ class action discovery is the most effective way to achieve the "just, speedy, and inexpensive" resolution of the dispute. Fed. R. Civ. P. 1. To that end, the Court entered a Scheduling Order that provided for an initial discovery period during which the parties would have the opportunity to test the putative representative's claims, to be followed by additional discovery in support of potential collective/ class action claims, if merited. (ECF No. 23.) Extending Defendant's time to oppose Plaintiffs' motion for conditional certification until the close of the initial discovery period accords with this litigation plan, by providing the opportunity for a full exploration of the facts relevant to the individual Plaintiff\ Plaintiffs before moving onto collective/ class action issues.

The Court recognizes that the COVID-19 pandemic has significantly impacted this litigation in a manner disadvantageous to Plaintiffs. Absent the delays caused by the pandemic, the initial discovery period would have concluded months ago. The conditional certification motion, any dispositive motions, and any motions for additional discovery would be fully briefed and may well have been decided already. However, the delays caused by the pandemic aside, the Court remains committed to the plan embodied in the Scheduling Order and accordingly declines to revoke the extension.

### B. Equitable Tolling

To offset any prejudice resulting from the pandemic and extension, the Court will grant Plaintiffs' unopposed request that the Court equitably toll the FSLA statute of limitations for the putative collective action members. "The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court." *United States v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999). Generally, it is appropriate to equitably toll a statute of limitations "in two circumstances: first, when 'the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' and second, when 'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

The FLSA statute of limitations for collective action opt-in plaintiffs runs from the date on which they opt-in, rather than the date of the filing of the complaint. *See Schilling v. Schmidt Baking Co., Inc.*, Civ. No. TDC-16-2498, 2018 WL 3520432, at *6 (D. Md. July 20, 2018). Accordingly, where events outside of plaintiffs' control delay the court-ordered notice and opt-in process, courts often equitably toll the FLSA statute of limitations. *See, e.g.*, *McCoy v. Transdev Servs., Inc.*, Civ. No. DKC 19-2137, 2020 WL 2319117 (D. Md. May 11, 2020) (equitably tolling statute of limitations for opt-in plaintiffs due to delays caused by COVID-19); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178 (D. Colo. 2012) (equitably tolling statute of limitations for opt-in plaintiffs and compiling cases); *Chapman v. Ourisman Chevrolet Co., Inc.*, Civ. No. AW-08-2545, 2009 WL 10685449 (D. Md. Apr. 14, 2009) (same).

Here, the combination of the pandemic and the Court's decisions regarding the structure of this litigation have, through no fault of Plaintiffs', substantially delayed decision on the motion for

conditional certification and court-authorized notice. Fairness requires that Plaintiffs not be penalized for these delays, and Defendant does not contest that equitable tolling is merited here. Accordingly, the Court will toll the FLSA statute of limitations for putative opt-in collective action members from March 10, 2020 until the date on which the Court ultimately makes its determination on conditional certification. *See McCoy*, 2020 WL 2319117, at *5 (taking same approach in light of the delays caused by COVID-19).

### IV. *Conclusion*

For the foregoing reasons, an order shall enter denying Plaintiffs' motion for reconsideration and granting their request to toll the FLSA statute of limitation for putative opt-in collective action members.

DATED this 27th day of July, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge